UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE No.:

RICHARD LANUZA, individually,

    Plaintiffs,

v.

WORLDWIDE CARGO LOGISTICS, INC., a Florida corporation, PEDRO UTRERAS, individually, PATRICIO AMORES, individually, and ESMERALDA CASTILLO, individually,

    Defendants.
_____/

## COMPLAINT FOR COLLECTIVE ACTION

Plaintiff, Richard Lanuza ("Lanuza"), individually, files this complaint and sues Defendants, Worldwide Cargo Logistics, Inc. ("WCLI"), Pedro Utreras ("Utreras"), Patricio Amores ("Amores"), and Esmeralda Castillo ("Castillo"), for violations of the Fair Labor Standards Act and in support states:

1.    This action is brought to recover unpaid minimum wages, overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, other damages, and attorney's fees owed to Plaintiff formerly employed by Defendants.

2.    Jurisdiction is proper in this Court as claims are brought pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA") to recover unpaid overtime wages, and an additional equal amount as liquidated damages, and reasonable attorney's fees and costs.

3.    The jurisdiction of the Court over this controversy is based upon 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Plaintiff was a non-exempt employee of Defendants who was not paid overtime in direct violation of the FLSA within the past three years.

5. Plaintiff was not paid the required statutory minimum wage for hours worked during any work week.

6. Additionally, Defendants improperly withheld amounts from Plaintiff's wages in violation of the FLSA.

7. Plaintiff was consistently required to work more than 80 hours a week without proper minimum and/or overtime compensation pursuant to the FLSA.

8. Defendants willfully and intentionally failed to pay the compensation required by the FLSA.

9. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391, as Defendant WCLI is a Florida corporation which maintains offices and regularly conducts business within the Southern District of Florida and the wrongful acts occurred within this District.

10. At all times material hereto, Defendant WCLI has been and continues to be a Florida corporation engaged in business in Miami-Dade County, Florida.

11. At all times material hereto, Defendant Utreras has been a resident within the jurisdiction of the United States District Court for the Southern District of Florida.

12. At all times material hereto, Defendant Amores has been a resident within the jurisdiction of the United States District Court for the Southern District of Florida.

13. At all times material hereto, Defendant Castillo has been a resident within the jurisdiction of the United States District Court for the Southern District of Florida.

14. At all times material hereto, Defendant Utreras regularly exercised the authority to

hire and fire employees, determine the work schedules of employees, set the rate of pay of employees, and control finances and operations of Defendant WCLI. Utreras controlled all financial aspects of WCLI and its purse strings.  By virtue of such control and authority, Defendant Utreras, is Plaintiff's "Employer" as such term is defined by the FLSA.

15. At all times material hereto, Defendants Amores and Castillo were shareholders and/or managers of the business that regularly exercised the authority to hire and fire employees, determine the work schedules of employees, and set the rate of pay of employees.  By virtue of such control and authority, Defendants Amores and Castillo, are also Plaintiff's Employer.

16. At all relevant times, Plaintiff, and all other similarly situated persons, were "Employees" of Defendants within the meaning of the FLSA.

17. At all relevant times, Plaintiff was employed by Defendants as an inventory and quality control clerk.

18. At all material times Defendants continued to be "engaged in commerce" within the meaning of 29 U.S.C. § 207(a)(1) of the FLSA.

19. At all relevant times, Plaintiff was employed by Defendants for a work week in excess of forty (40) hours.

20. Based on the number of hours worked by Plaintiff during any given work week, Plaintiff was not paid the required minimum wage.

21. Plaintiff was not paid the required statutory wage for hours worked over forty (40) in one week.

22. In addition, Defendants unlawfully deducted wages from Plaintiff.

23. Plaintiff began his employment with Defendants during 2010 and ended on or about

3

April 30, 2016.

24. The additional persons who may become Plaintiffs in this Action are current employees and former employees of Defendants who held positions similarly situated to Plaintiff who worked in excess of 40 hours during one or more workweeks during the relevant time periods, but who did not receive overtime pay at 1.5 times the regular rate for their hours worked in excess of 40 hours a workweek.

25. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA in that Defendants intentionally and willfully altered records of the Plaintiff in order to avoid the overtime provisions of the FLSA.

26. All conditions precedent to bringing this lawsuit have been satisfied or waived.

27. Plaintiff has retained undersigned counsel to represent him in this litigation and has agreed to pay a reasonable fee for undersigned counsel's services.

28. Plaintiff brings this lawsuit on behalf of himself and other employees and former employees who are similarly situated for minimum wage and overtime compensation and other relief pursuant to the FLSA.

## COUNT I - MINIMUM WAGE VIOLATION

29. Plaintiff re-alleges the allegations set forth in paragraphs 1 through 28 as if fully set forth herein and further alleges:

30. Defendants were also obligated to compensate Plaintiff and other similarly situated persons at least minimum wage for all hours worked under 29 USC § 206(a).

31. In addition, Defendants were barred from deducting amounts from Plaintiff's wages that are not expressly allowed by law.

32. By failing to pay compensation due under the FLSA to Plaintiff and other similarly situated persons, Defendants willfully and knowingly violated the provisions of the FLSA which require overtime compensation be paid to all non-exempt employees.

33. As a result of Defendants' willful and unlawful practice of paying less than the required rate and amount, Plaintiff and all other similarly situated persons have been damaged.

**WHEREFORE**, Plaintiff and others similarly situated who opt in, respectfully request that this Court award them compensatory damages, including all compensation owed, all interest on all compensation accruing from the date such amounts were due, liquidated damages in an amount equal to the compensation shown to be owed pursuant to 29 U.S.C. § 216(b), attorneys' fees under the Fair Labor Standards Act against Defendants, and such other monetary and equitable relief as this Court deems just and proper.

### **COUNT II - OVERTIME COMPENSATION UNDER THE FLSA**

34. Plaintiff re-alleges the allegations set forth in paragraphs 1 through 28 as if fully set forth herein and further alleges:

35. Defendants were obligated to compensate Plaintiff and other similarly situated persons for all hours in excess of forty (40) hours per week at the statutory rate of one and one half times their regular rate pursuant to 29 USC § 207.

36. Plaintiff and similarly situated persons regularly were required to work in excess of forty hours per week but were not paid the appropriate statutory rate for such work.

**WHEREFORE**, Plaintiff and others similarly situated who opt in, respectfully request that this Court award them compensatory damages, including all overtime compensation owed, all interest on all compensation accruing from the date such amounts were due, liquidated damages

in an amount equal to the compensation shown to be owed pursuant to 29 U.S.C. § 216(b), attorney's fees under the Fair Labor Standards Act against Defendants, and such other monetary and equitable relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all issues and claims so triable.

Dated: June 20, 2016.                                Respectfully submitted,

PERLMAN, BAJANDAS,
YEVOLI & ALBRIGHT, PL
283 Catalonia Avenue, Suite 200
Coral Gables, Florida 33134
Telephone: (305) 377-0086
Facsimile: (305) 377-0782
Email: miguel@pbyalaw.com

By:    /s/ *Miguel Armenteros*
         Miguel Armenteros, Esq.
         Florida Bar No. 0014929